UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| ALEXANDER MEDINA,<br>     Plaintiff, | :<br>:<br>: |
| v. | :  Case No. 3:10-cv-299 (JBA) |
| C/O SOMERS, et al.,<br>     Defendants. | :<br>:<br>: |

RULING ON MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT[1]

Plaintiff Alexander Medina seeks leave to file a second amended complaint adding eight John Doe defendants. The defendants object to the motion on the grounds that service cannot be effected on defendants identified only as John Doe and the claims against the proposed defendants are legally insufficient. For the reasons that follow, Medina's motion is denied.

The court should grant leave to amend when justice so requires. Fed. R. Civ. P. 15(a)(2). Underlying this rule is an assumption that the amended complaint will clarify or amplify the original cause of action. See Klos v. Haskell, 835 F. Supp. 710, 715 n.3 (W.D.N.Y. 1993), aff'd, 48 F.3d 81 (2d Cir. 1995).

Medina seeks to add eight defendants: Commissioner John Doe, Deputy Commissioner Security John Doe, Deputy Commissioner Operation John Doe, Warden of Carl Robinson Institute John Doe, Deputy Warden Security John Doe, Deputy Warden Operation John Doe, Captain John Doe and Lieutenant John Doe. He alleges that these defendants "were negligent in the duty of over seeing that all the other

---

[1] The motion was referred to the undersigned by order filed June 3, 2010. See Dkt. No. 19.

Defendants were properly trained and adequately t[a]ught procedure of Restraining person and showed deliberate Indifference towards this plaintiff by not Supervising the other defendants in the day to day procedure and Operation of Facility."

Medina fails to provide the name of any of the proposed new defendants. Medina is proceeding in forma pauperis in this action and, therefore is entitled to have service effected by the U.S. Marshal Service. The Marshal cannot effect service without the name and current work address of each defendant. Providing this information is the responsibility of the plaintiff. See Shirback v. Lantz, No. 3:06cv995(JCH), 2008 WL 878939, at *3 (D. Conn. Mar. 28, 2008). As there are no new defendants who can be served at this time, amendment would be futile.

Further, even if Medina had provided the names of the proposed defendants, he has not stated a cognizable federal claim. Medina attempts to assert claims that the John Does failed to train and supervise the named defendants. In an action filed pursuant to 42 U.S.C. § 1983, liability is imposed only on the official causing a constitutional violation. It is settled law in this circuit that in a civil rights action for monetary damages against a defendant in his individual capacity, a plaintiff must demonstrate the defendant's direct or personal involvement in the actions which are alleged to have caused the constitutional deprivation. Wright v. Smith, 21 F.3d 496, 501 (2d Cir. 1994).

Because the doctrine of respondeat superior is inapplicable in section 1983 cases, see Blyden v. Mancusi, 186 F.3d 252, 264 (2d Cir. 1999), supervisors are not automatically liable under section 1983 when their subordinates commit a constitutional tort. Medina may show supervisory liability by demonstrating one or more of the

following criteria: (1) the defendant actually and directly participated in the alleged acts; (2) the defendant failed to remedy a wrong after being informed of the wrong through a report or appeal; (3) the defendant created or approved a policy or custom that sanctioned objectionable conduct which rose to the level of a constitutional violation or allowed such a policy or custom to continue; (4) the defendant was grossly negligent in his supervision of the correctional officers who committed the constitutional violation; and (5) the defendant failed to act in response to information that unconstitutional acts were occurring.  Hernandez v. Keane, 341 F.3d 137, 144 (2d Cir. 2003).  In addition, plaintiff must demonstrate an affirmative causal link between the inaction of the supervisory official and his injury.  See Poe v. Leonard, 282 F.3d 123, 140 (2d Cir. 2002).

Although detailed allegations are not required, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." Ashcroft v. Iqbal, ___ U.S. ___, 129 S. Ct. 1937, 1949 (2009)(internal quotation marks and citations omitted).

Medina includes in his proposed second amended complaint a conclusory allegation that the John Doe defendants failed to supervise and train the named defendants.  He includes no factual allegations regarding any of the John Doe defendants.  Instead, he assumes  that the incident would not otherwise have occurred.

This assumption is insufficient to state a plausible claim against any of the John Does.

Medina's motion to amend [**Doc. #16**] is **DENIED** without prejudice.

**SO ORDERED** at New Haven, Connecticut this 7th day of June 2010.

      /s/ Joan G. Margolis
Joan G. Margolis
United States Magistrate Judge