UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| ALEXANDER MEDINA,<br>    Plaintiff, | :<br>: |
| v. | :   PRISONER<br>:   3:10cv299(JBA) |
| SOMERS, et al.,<br>    Defendants. | :<br>:<br>: |

## RULING ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT [DOC. # 24]

Plaintiff Alexander Medina commenced this civil rights action *pro se* claiming that he was subjected to excessive force on August 4, 2008. In his amended complaint he names five defendants: Correctional Officers V. Somers, Velasques, Thomas, Deleon and Gentles. The defendants move for summary judgment on the sole ground that Medina failed to exhaust his administrative remedies before filing this action. For the reasons that follow, the defendants' motion is granted.

    A.    Standard of Review

In a motion for summary judgment, the burden is on the moving party to establish that there are no genuine issues of material fact in dispute and that it is entitled to judgment as a matter of law. See Fed. R. Civ. P. 56(c); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986). The moving party may satisfy this burden by demonstrating the lack of evidence to support the nonmoving party's case. PepsiCo, Inc. v. Coca-Cola Co., 315 F.3d 101, 105 (2d Cir. 2002) (per curiam).

A court must grant summary judgment if the pleadings, discovery materials on file and any affidavits show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Miner v. Glen Falls, 999 F.2d 655, 661 (2d Cir. 1993). A dispute regarding a material fact is genuine if there is sufficient evidence that a reasonable jury could return a verdict for the nonmoving party. Anderson, 477 U.S. at 248.

The court resolves all ambiguities and draws all permissible factual inferences in favor of the nonmoving party. Patterson v. County of Oneida, 375 F.3d 206, 218 (2d Cir. 2004). If there is any evidence in the record from which a reasonable inference could be drawn in favor of the opposing party on the issue on which summary judgment is sought, summary judgment is improper. Security Ins. Co. of Hartford v. Old Dominion Freight Line Inc., 391 F.3d 77, 83 (2d Cir. 2004).

Where one party is proceeding *pro se*, the court reads the *pro se* party's papers liberally and interprets them to raise the strongest arguments suggested therein. See Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994). Despite this liberal interpretation, however, an unsupported assertion cannot overcome a properly supported motion for summary judgment. Carey v. Crescenzi, 923 F.2d 18, 21 (2d Cir. 1991).

B.  Facts[1]

The alleged use of excessive force underlying this action occurred on August 4, 2008, at the Carl Robinson Correctional Institution.  Medina was admitted to the University of Connecticut Health Center where he underwent surgery on his right fibula.  Medina was released from the hospital three days later, on August 7, 2008, and was then housed in the Hospital III unit at Osborn Correctional Institution until August 27, 2008 when he was discharged back to general population and taken to Restrictive Housing Unit Segregation.

It is undisputed that Medina did not file an institutional grievance while he was in the Osborn hospital unit and that

---

[1] Most of the facts are taken from Defendants' Local Rule 56(a)1 Statement [Doc. #24] and attached exhibits.  Local Rule 56(a)2 requires the party opposing summary judgment to submit a Local Rule 56(a)2 Statement which contains separately numbered paragraphs corresponding to the Local Rule 56(a)1 Statement and indicates whether the opposing party admits or denies the facts set forth by the moving party.  Each admission or denial must include a citation to an affidavit or other admissible evidence.  In addition, the opposing party must submit a list of disputed factual issues.  See D. Conn. L. Civ. R. 56(a)2 & 56(a)3.
With their motion for summary judgment, defendants filed a Notice to Pro Se Litigant [Doc. #25] informing Medina of his obligation to respond to the motion for summary judgment and of the contents of a proper response.  Although he references a Rule 56(a)2 Statement, Medina filed only a declaration with exhibits [Doc. #29] in response to the motion for summary judgment.  D. Conn. L. Civ. R. 56(a)1 states "All material facts set forth in said statement will be deemed admitted unless controverted by the statement required to be served by the opposing party in accordance with Rule 56(a)2."  Notwithstanding the deficiencies in the form of plaintiff's response, the court has considered Medina's statements and exhibits in deciding the motion for summary judgment.

grievance forms are available in the Hospital III unit. Medina states that he did not ask staff for a grievance form.

Plaintiff denies that he was in a "clear state of mind" and claiming that he suffered from withdrawal due to the discontinuance of Percocet and Tylenol # 3 when he was placed in Segregation. He does not claim, however, that he was medically unable to file a grievance form. He claims to have requested grievance forms between August 27 an September 18, 2008 "but to no avail." It is undisputed that, to date, Medina has never filed any grievance regarding this incident.

C. Discussion

The Prison Litigation Reform Act, 42 U.S.C. § 1997e(a), requires an inmate to exhaust "administrative remedies as are available" before bringing an "action ... with respect to prison conditions." The Supreme Court has held that this provision requires an inmate to exhaust administrative remedies before filing any type of action in federal court, regardless of whether the inmate may obtain the specific relief he desires through the administrative process. Woodford v. Ngo, 548 U.S. 81, 85 (2006). Inmates must properly exhaust their administrative remedies, which includes complying with all procedural requirements, including filing deadlines, so that the inmate's grievance can be reviewed on the merits. See id. at 90, 94-95.

The DOC administrative directive in effect during the time

period relevant to plaintiff's claims provided that the inmate grievance process could be used to address individual employee actions and matters relating to conditions of care and supervision. (See Defs.' Local Rule 56(a)1 Statement, Administrative Directive 9.6, §§6(B) and 4, effective January 1, 2008.) The grievance procedures are applicable to Medina's claim of use of excessive force. Directive 9.6, Section 6(A), requires that the inmate attempt to resolve the matter informally before filing a grievance. If this process is unsuccessful, or the inmate has not received a response to his attempt at informal resolution, however, Section 6(C) allows him to proceed to the next step and file a grievance. Section 6(C)(7) requires that the grievance be filed within thirty days of the occurrence giving rise to the grievance. Medina concedes that he did not file a grievance regarding the use of excessive force.

The Second Circuit recognizes three exceptions to the exhaustion requirement: "(1) administrative remedies were not available to the prisoner; (2) defendants have either waived the defense of failure to exhaust or acted in such a way as to estop them from raising the defense; or (3) special circumstances, such as a reasonable misunderstanding of the grievance procedures, justify the prisoner's failure to comply with the exhaustion requirement." Ruggiero v. County of Orange, 467 F.3d 170, 175 (2d Cir. 2006) (citing Hemphill v. New York, 380 F.3d 680, 686

5

(2d Cir. 2004)). The existence of special circumstances "must be determined by looking at circumstances which might understandably lead usually uncounselled prisoners to fail to grieve in the normally required way." Giano v. Goord, 380 F.3d 670, 678 (2d Cir. 2004).

In the declaration submitted in opposition to the motion for summary judgment, Medina states that he was not aware of his right to file a grievance while he was in the hospital. He acknowledges, however, that he was in the hospital for only three days. (See Medina Decl. [Doc. # 29], ¶¶ 5-6). Medina does not address his failure to request a grievance form while in the hospital unit at Osborn Correctional Institution.

Medina states that shortly after his release from the hospital unit he was sent to segregation at Osborn Correctional Institution, where he remained until September 18, 2008. Medina does not attach to his declaration the disciplinary report purportedly documenting this transfer. Medina states that he tried to obtain a grievance form while in segregation but no form was provided. (See id., ¶¶ 8-9.) He provides no other information, particularly any detail from which it could be inferred that his requests were timely. Medina attaches declarations from two other inmates stating that, at unspecified times they were denied grievance forms while in restrictive housing at Osborn Correctional Institution. (See Ortiz &

6

Hernandez Aff. [Doc. # 29-1].) Medina offers no evidence suggesting that any defendant named in this case was responsible for denying him a grievance form while in segregation.

From Medina's statement that he requested grievance forms while in segregation it can be inferred that he was aware of the grievance requirement. The Second Circuit has found special circumstances might exist "where the prison grievance regulations are confusing and the prisoner relies upon a reasonable interpretation of those regulations." Chavis v. Goord, 333 F. App'x 641, 643 (2d Cir. 2009). Plaintiff has presented no evidence suggesting that the Connecticut grievance directives were confusing or even that he attempted to discover the requirements.

Medina does not claim that he thought he could not file a grievance because he was no longer confined at Carl Robinson Correctional Institution where it occurred; he requested grievance forms for this purpose while confined Osborn Correctional Institution. Although he may have been under the impression that he could not file a grievance while he was hospitalized at the University of Connecticut Health Center, he provides no reason for his failure to request a grievance form for nearly three weeks after being brought to Osborn Correctional Institution or for never filing a grievance regarding this incident at all. The Court concludes that Medina has not

demonstrated any special circumstances precluding application of the exhaustion requirement in this case. Accordingly, the defendants' motion for summary judgment is granted.

## IV. Conclusion

Defendants' Motion for Summary Judgment [Doc. # 24] is GRANTED. Plaintiff's Motion for Summary Judgment [Doc. # 30] is DENIED. The Clerk is directed to enter judgment and close this case.

IT IS SO ORDERED.

/s/
Janet Bond Arterton
United States District Judge

Dated at New Haven, Connecticut: July 13, 2011.